UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DEON EARL DALEY,

                Plaintiff,

    -against-

RICHARD BROWN; RAYMOND KELLY;
EDWARD BONNIE; ANDRE OMIUNU;
EUGNIE SOCAFINO; ISRAEL SIGMOND;
SEAN MC NICHALAS; CHIN BRANDIT;
GEORGE BUSH; GEORGE PATAKI;
MICHAEL BLOOMBERG; AGENT T.
STEVEN KULFMAN;108TH PRECINCT;
113TH PRECINCT;108TH PRECINCT;
75 73 PBA; DONALD RUSSLELON;
CITY MARSHALL; JACOB SAMPSON,

                Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
06-CV-3176 (NG)

GERSHON, United States District Judge.

      Plaintiff, incarcerated at Rikers Island, files this *pro se* action on a 28 U.S.C. § 2254 habeas corpus form which is made available at Rikers Island. However, it is unclear whether Daley seeks habeas corpus relief or intends to file a civil rights action. The defendants are city, state and federal officials, including President George Bush, Governor George Pataki and Mayor Michael Bloomberg but the facts and claims are wholly unintelligible. Plaintiff has not paid the filing fee or requested to waive the fee. Accordingly, plaintiff is granted leave to file an amended complaint within sixty (60) days, along with the $350.00 filing fee or a request to proceed *in forma pauperis* as detailed below.[1] In addition, plaintiff's requests for appointment of counsel and appointment of a Federal Bureau of Investigation ("FBI") investigator are denied.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

---

[1] A request to proceed *in forma pauperis* and prisoner authorization form are annexed to this Order.

1

in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff's complaint is incomprehensible. If plaintiff seeks to initiate a civil action against defendants he must file a complaint, not use a § 2254 form. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

2

## LEAVE TO AMEND

Here, plaintiff's submission falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the complaint are vague and unintelligible. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 60 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, he must set forth the legal basis and factual allegations to support his claims against defendants, and the relief he is seeking with respect thereto. The allegations must be short, plain, concise and legible. He must also state, in a plain and concise manner, the specific facts that give rise to the claim.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. The amended complaint must also include a request to waive the filing fee and a prisoner authorization form. No summons shall issue at this time and all further proceedings shall be stayed for 60 days. If plaintiff fails to amend his complaint within 60 days as directed by this order, the Court shall dismiss this complaint pursuant to Fed. R. Civ. P. 8.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
July 21, 2006